IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LuAnn Parker | : | |
| | : | Case No. C-1-00-766 |
|     Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING |
| Aventis S.A. *et al.* | : | PLAINTIFF'S MOTION FOR |
| | : | PARTIAL SUMMARY |
|     Defendants | : | JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment. (Doc. #11.) Plaintiff LuAnn Parker seeks summary judgment on claims for strict liability for a defective product, failure to warn, and breach of implied warranty. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

I.   FACTUAL BACKGROUND

On October 10, 1998, LuAnn Parker received a FLUZONE flu shot manufactured by Aventis Pasteur ("Aventis")'s predecessor in interest. Parker suffered headaches and numbness in her body and extremities, was referred to a neurologist, and was diagnosed with "acute cerebritis." Parker began experiencing psychotic episodes and was diagnosed with "acute demyelinating encephalomyelitis." She continued to have problems with her balance and joints at the time the lawsuit was filed in September of 2000. Parker has produced evidence that her condition was caused by her October 1998 vaccination. (Doc. #11 exh. 17 at 3.) Aventis has

produced evidence that Parker's symptoms were not caused by her October 1998 vaccination. (Doc. #14 exh. D.) Aventis has also brought forth evidence that it disseminated a warning with all vials of FLUZONE (see doc. #14 exh. B) and that the warning accurately described the potential adverse effects of the flu vaccine (see doc. #14 exh. C).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that permissibly can be drawn therefrom, must be read in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The task of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

## III.    ANALYSIS

Parker asks for partial summary judgment on the grounds that Aventis should be held strictly liable for producing a defective product without warning of its danger and that the defective product breached its implied warranty.

### A.    Strict Liability and Failure to Warn – Statutory

Parker's First Claim for Relief is "Strict Liablity/Products Liability." (Doc. #1 at 12.)

"Any recovery of compensatory damages based on a product liability claim" is subject to the Ohio Products Liability Law. Ohio Rev. Code § 2307.72(A). A "product liability claim" is a civil claim to recover compensatory damages from a manufacturer for physical injury that arose from the design or formulation of a product, from a lack of warning associated with that product, or from failure of that product to conform to a relevant representation or warranty. Ohio Rev. Code § 2307.71(M). See White v. DePuy, Inc., 718 N.E.2d 450, 454 (Ohio App. 1998).

A medical device or vaccine is not defective just because "some aspect of it is unavoidably unsafe, if the manufacturer of the . . . drug or . . . medical device provides adequate warning and instruction under § 2307.76 of the Revised Code concerning that unavoidably unsafe aspect." Ohio Rev. Code § 2307.75(D). Section 2307.76(C) provides

> An ethical drug is not defective due to inadequate warning or instruction if its manufacturer provides otherwise adequate warning and instruction to the physician or other legally authorized person who prescribes or dispenses that ethical drug for a claimant in question and if the federal food and drug administration has not provided that warning or instruction relative to that ethical drug is to be given directly to the ultimate user of it.

Aventis has produced evidence that it disseminated a warning accompanying all vials of FLUZONE (see doc. #14 exh. B) and that the warning accurately described the potential adverse effects of the flu vaccine known at that time (see doc. #14 exh. C.) Parker has not disputed this evidence nor produced evidence that the vaccine was avoidably rather than unavoidably unsafe. Aventis has brought forth affirmative evidence showing that summary judgment in Parker's favor on the strict liability and failure to warn claims is inappropriate. Even if the drug were avoidably unsafe and unaccompanied by warnings, there is still a genuine issue of material fact as to whether Parker's vaccination caused her injury, and summary judgment is thus inappropriate.

### B. Breach of Implied Warranty (Common Law Strict Liability)

Aventis argues that Parker's breach of implied warranty claim fails because there is no privity between Parker and Aventis. Ohio recognizes the tort of breach of implied warranty between non-commercial consumers and product suppliers with whom they are not in privity. See LaPuma v. Collingwood, 661 N.E.2d 714, 716 (Ohio 1996). A claim for breach of implied warranty in tort is the same as a strict liability action. See Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co, 537 N.E.2d 624, 631-32 (Ohio 1989) (quoting Temple v. Wean United, Inc., 364 N.E.2d 267, 271 (Ohio 1977)). Courts disagree whether a common law implied warranty tort action survives the enactment of the OPLA, see DePuy, 718 N.E.2d at 478-56; but cf. Nadel v. Burger King Corp., 695 N.E.2d at 1189-90 (Ohio Ct. App. 1997). Notwithstanding, both statutory and common law require the defective product to be the proximate cause of injury. See Temple, 364 N.E.2d at 270; Ohio Rev. Code § 2307.73. Because there is an issue of material fact as to whether Parker's vaccination caused her injury, summary judgment is inappropriate.

### III. CONCLUSION

Because Aventis has produced evidence that it issued a warning with all vials of FLUZONE and that Parker's injuries were not caused by the administration of the vaccine, Parker's motion for partial summary judgment must be **DENIED**.

IT IS SO ORDERED.

    s/Susan J. Dlott
    Susan J. Dlott
    United States District Judge